# IN THE EASTERN DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### SOUTHERN DIVISION

| | |
|---|---|
| Lt. Col. Donald Sullivan ) | 7:20-CV-214-FL |
| ) | |
| V ) | |
| COMPLAINT | |
| ) | |
| TOWN OF ATKINSON, INC. ) | |

## COMPLAINT FOR REDRESS OF GRIEVANCE

Comes now Plaintiff, Lt. Col. Donald Sullivan (Hereinafter "PLAINTIFF"), a private man, specially and limited but not generally, pursuant to Amendment Five to the Constitution for the United States, seeking a redress of grievance against the TOWN OF ATKINSON, INC (Hereinafter "DEFENDANT"), to determine whether or not DEFENDANT has violated the right of PLAINTIFF to his private property by unlawfully taking his equity in his land and building commonly known as 100 E. Church Street, Atkinson, North Carolina.

A jury trial is demanded.

### PARTIES:

1. PLAINTIFF – Lt. Col. Donald Sullivan, is a 72-year-old natural man, domiciled in PENDER COUNTY, with a mailing address of PO Box 441, Atkinson, North Carolina, at phone number 910-617-2559.

2. DEFENDANT – TOWN OF ATKINSON, is a state incorporated municipality within the COUNTY of PENDER, a subdivision of the STATE OF NORTH CAROLINA, and, upon information and belief, is a corporation, capable of suing and of being sued, for which the agent is the Mayor, Mr. Elton Wendell Turner, with a mailing address of PO Box 160, Atkinson, NC, 28421, at phone number, 910-283-7341, and which is the taxing unit for the subject land and property.

In support of his complaint, PLAINTIFF submits the following:

3. On or about September 16, 2016, DEFENDANT, thru its attorney, filed and served a summons and complaint on PLAINTIFF seeking property tax liens, for taxes allegedly unpaid for all fiscal years beginning in 2012, on land and property commonly known as 100 East Church Street, Atkinson, North Carolina (See Para.

1 under prayers for relief, DEFENDANT's complaint, Exhibit 1), and more completely described as:

"That parcel of land in the Town of Atkinson, Caswell Township, Pender County, North Carolina, described in Deed Book 3344 at Page 190 of the Registry of Pender County, North Carolina." (Quoting from Para. 3 of DEFENDANT'S complaint, Exhibit 1)

4. At the time said complaint was filed by DEFENDANT, PLAINTIFF was the record owner of the subject land and property. (See Paragraph 18 of DEFENDANT'S complaint, Exhibit 1), having acquired said land by bill of sale, a private transfer document not involved in equity or regulated commerce which transfers allodial right to the land and absolute ownership, not fee simple title.

5. On or about February 22, 2018, by order of the Pender County Superior Court, DEFENDANT's motion for summary judgment was allowed (See Exhibit 2) and the requested liens were ordered placed on the subject land and property.

6. On or about June 12, 2019, a foreclosure sale was held by DEFENDANT; and the subject land was sold to the highest bidder for the said tax liens. Since there were no bidders for the land and property, at or about 36.26% ownership in subject land and property passed to DEFENDANT by deed recorded in Book 4697 at Pages 1189-1190 on November 13, 2019 (See Exhibit 3).

7. On or about October 1, 2020, PLAINTIFF provided notice by certified mail to DEFENDANT demanding compensation for the taking of his property in the form of money or return of ownership in the land and property (See Exhibit 4). Said notice and demand were received by DEFENDANT on October 8, 2020. As of the filing of this complaint, PLAINTIFF has received no response from said notice and demand. From this notice and demand, this complaint ensues.

## ARGUMENT:

8. The Fifth Amendment to the Constitution of the United States guarantees compensation to owners of private property taken for public use. Upon information and belief, this portion of said Amendment has been incorporated into the several States by an opinion of the Supreme Court of the United States pursuant to the due process clause of the 14th Amendment (See *Palko v. Connecticut*, 302 U.S. 319, 58 S. Ct. 149, 82 L. Ed. 288).

9. PLAINTIFF does not contest DEFENDANT's claim that the subject land had been assessed an *ad valorem* tax liability; that the order allowing liens to be placed against said land lacked authority; nor contest DEFENDANT's foreclosure action against said land, although, arguably, the tax itself is merely tribute demanded by the taxing unit, tribute which cannot be properly assessed in this State against non-commercial, allodial land. While land in the former "Western

Territories" and those former territories west of the Mississippi may well be subject to assessment and the tribute demanded by those States, land in the thirteen original colonies, like North Carolina, was won by the people by the treaty of 1783 from the King of England, the absolute allodial owner, and was never the property of either the United States or the State of North Carolina. Winning the Revolution wrest land ownership and its tribute from the King; so one must wonder where we went wrong and made the State our new King, allowing it to exact tribute from us in the form of property taxes. Therefore, upon information and belief, unless the taxing unit can show some nexus between PLAINTIFF's land and the State which would supersede his absolute ownership of that land, it lacks lawful authority to demand any tribute from PLAINTIFF. In any event, the taxes assessed and the liens placed on the land constitute a very small percentage of the total value of said land and property.

10. While NCGS 105-374(c) requires that the owner of record be a party to any proceeding to foreclose a tax lien on land, it is clear that the liability is on the land and not on the owner of record. DEFENDANT, thru its attorney, has admitted that the owner of record, in this instant case, PLAINTIFF, has no liability for the property taxes; will not be sued personally; and will not be held personally liable for said taxes (See Exhibit 5). It appears that the purpose of including the owner of record by law as a party to the action is to give notice to the owner of record and to provide the prosecuting litigant with a real party of interest who can sue and be sued, since it might be difficult to get standing to sue a piece of land and expect the land to pay the claim without involving a legal entity. In this way, the law allows the owner of record to be placed in the untenable position of being blackmailed and extorted by the taxing unit into covering the land's liability so that he does not run the risk of losing his own equity in the property.

11. WHEREFORE, since PLAINTIFF had no liability for payment of any property taxes owed by the subject land and in no way surrendered his equity in said land and property thru any legal proceedings, it appears he is justified in demanding compensation for the taking of his equity in his private property for public use pursuant to the Fifth Amendment.

## PRAYER FOR RELIEF:

THEREFORE, PLAINTIFF prays this honorable court will issue an order as follows:

12. Finding for PLAINTIFF with costs of this action to be assessed against the DEFENDANT;

13. Finding DEFENDANT to be in violation of the Fifth Amendment's requirement that PLAINTIFF be justly compensated for the taking of his equity in his land and property for public use in the amount of $45,000.00 in Constitutional legal tender defined at Article I, Section 10, of the Constitution of the United States as "gold and silver coin"; or, in the alternative,

14. Requiring DEFENDANT to surrender its ownership in the subject land and property to PLAINTIFF;

15. Grant other relief as may seem appropriate to the court.

The undersigned certifies to this Court that the above statements and pleadings are a true and accurate account of the facts in this matter, upon his information and belief.

_____
Donald Sullivan, PLAINTIFF, Unrepresented
Lt Col, USAFR(R)
PO Box 441
Atkinson, North Carolina
910-617-2559

This the 16th day of November, 2003.

\*\*\*\*\*\*\*\*\*\*\*\*

STATE OF NORTH CAROLINA )
COUNTY OF PENDER )

On this, the sixteenth day of November, 2003, appeared before me Donald Sullivan, known to me to be the person having signed the above document.

_____
William Bruce Blackburn, Notary Public

My commission expires: January 31, 2022

SEAL

## CERTIFICATE OF SERVICE

I do certify I have this 16th day of November, 2020, served a copy of the foregoing COMPLAINT on DEFENDANT by placing a copy of the same in the United States Mails, addressed as follows:

TOWN OF ATKINSON
ATTN: Mr. Elton Wendell Turner, Mayor
PO Box 160
Atkinson, NC 28421

_____
DONALD SULLIVAN, PLAINTIFF, Unrepresented
Lt Col, USAFR(R)
PO Box 441
Atkinson, North Carolina
910-617-2559